# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM COKELY,

        Plaintiff,

  -vs-

AL SMITH, et al.

        Defendants.

:     Case No. 3:04-cv-184

:     Chief Magistrate Judge Michael R. Merz

:

## DECISION AND ORDER

This case is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 20). The parties consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c) and the case was referred on that basis by Judge Rice (Doc. No. 5).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

1

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

>
> The moving party
>
> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Decision are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

Plaintiff sued all three Defendants for intentional infliction of emotional distress arising out of incidents that occurred while he was employed by Defendant Enterprise Roofing under the supervision of Defendant Church and as a co-worker of Defendant Smith. He was eventually laid

3

off from employment with Enterprise about three months after the most serious of these incidents – the mooning incident – occurred.

Plaintiff originally brought this suit in the Montgomery County Common Pleas Court. Defendant removed on the grounds that the employment relationship between Plaintiff and Enterprise was governed by a collective bargaining agreement and thus any claim for relief would arise under 29 U.S.C. §301. Thus they averred the case was removable under 28 U.S.C. §1441 because this Court has original jurisdiction of claims brought under §301. Defendants noted that, to the extent Plaintiff had pled any claims under state law alone, those claims were removable as well under 28 U.S.C. §1367. Plaintiff did not contest removal.

Taking the Plaintiff's deposition testimony in the light most favorable to his claim, Defendant Smith shoved his own fingers in his anus and then smeared his excrement-covered fingers in Plaintiff's face. Defendants characterize this conduct and the other incidents of which Plaintiff complains as "horseplay," the sort of conduct to be expected among co-workers in the construction industry.

In their Motion for Summary Judgment, Defendants claim that all of Plaintiff's claims are preempted by §301.

Having reviewed the authorities cited by the parties, the Court concludes that Plaintiffs' direct claims against Defendant Church and Enterprise are preempted because they would require the Court to analyze the terms of the collective bargaining agreement. *See Mattis v. Massman*, 355 F. 3d 902 (6th Cir. 2004). Plaintiff has no right of recovery against either Church or Enterprise under §301 for Smith's conduct or for any damages resulting from the lay-off.[1]

---

[1]The Court mentions the lay-off because apparently that was the focus of Plaintiff's assertion of mental distress in his deposition. Nothing has been presented to the Court to suggest the lay-off was wrongful and in any event Plaintiff would have to have exhausted his remedies under the collective bargaining agreement and sued the union as well to recover on such a claim.

4

However, Plaintiff's claims against Defendant Smith do not require any such analysis – Plaintiff's right not to be assaulted by a co-worker does not arise under the collective bargaining agreement and is therefore not subject to pre-emption. *See O'Shea v. The Detroit News*, 887 F. 2d 683 (6th Cir. 1989). Defendants are not entitled to summary judgment on their pre-emption defense with respect to Plaintiff's claim against Defendant Smith.

With the dismissal of any federal claims against Church and Enterprise and the determination that there is no federal claim against Smith, there remain no federal claims in this case. Generally, if federal claims are dismissed before trial, the state claims should be dismissed as well. *Landefeld v. Marion General Hospital, Inc.,* 994 F. 2d 1178, 1182 (6th Cir. 1993); *Taylor v. First of America Bank-Wayne*, 973 F. 2d 1284 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F. 2d 1331, 1338 (6th Cir. 1992). A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues. *Aschinger v. Columbus Showcase Co*., 934 F. 2d 1402 (6th Cir. 1991).

The state law questions remaining in this case are not clear cut. With respect to Plaintiff's claim against Smith, Defendants assert that the alleged conduct is not outrageous enough and that Plaintiff suffered no real emotional distress resulting from it. The question whether smearing feces in the face of a co-worker is outrageous enough to be actionable is certainly one on which reasonable minds could disagree and is therefore not amenable to decision as a matter of law.

The Sixth Circuit has recognized the propriety of applying the Ohio standard for intentional infliction of emotional distress on summary judgment:

> To the extent that [plaintiff] suggests a district court judge cannot rule that, as a matter of law, certain conduct does not rise (or sink) to the extreme and outrageous level required to state a claim for intentional infliction of emotional distress, she attempts to prove too much. It is well accepted that intentional infliction of emotional distress claims may entirely appropriately be dealt with on summary judgment or in a motion to dismiss. *See, e.g., Rogers v. Targeted*

5

> *Telemarketing Servs.,* 70 Ohio App. 3d 689, 591 N.E. 2d 1332, 1333, 1336 (1990)(treating plaintiff's allegations that she was falsely promised continued employment with the intention of causing her to detrimentally rely on the assurances as insufficient to qualify as extreme or outrageous); *Baab v. AMR Serv. Corp.*, 811 F. Supp. 1246, 1270 (N.D. Ohio 1993)(stating that co-workers' display of photographs of scantily clad women and plaintiff's receipt of pornographic "sex toys" was not intolerable in a civilized society and therefore not extreme or outrageous).

*Miller v. Curie*, 50 F. 3d 373 at 377-78 (6th Cir. 1995). This is simply not such a case. This Court is not prepared to say that, as a matter of law, Smith's behavior (assuming a jury concludes that he behaved as Plaintiff has testified) is not so outrageous as to merit liability.

Plaintiff has also claimed that Defendants Church and Enterprise ratified Smith's conduct. For reasons and upon the authority cited by Plaintiff, this is a question of Ohio law and not one of pre-emption.

Having balanced the concerns to be considered under 28 U.S.C. §1367, the Court declines to continue to exercise jurisdiction over those claims.

Accordingly, the Clerk will enter judgment dismissing all federal claims herein with prejudice and remanding this case to the Montgomery County Common Pleas Court for further proceedings.

August 15, 2005.

                                              s/ **Michael R. Merz**
                                                   Chief United States Magistrate Judge

H:\DOCS\Cokely v. Smith 01.wpd